# UNITED STATES BANKRUPTCY COURT
## Southern District of Georgia

In the matter of:

Persoff Valdimar Bonner

Debtor(s)

Disney Vacation Development, Inc.

Movant

Michael Cobb, Jr.

CoDebtor

Chapter: 13

Case No.: 21-10540

## NOTICE OF MOTION FOR RELIEF FROM CODEBTOR STAY

Movant has filed a Motion with the court seeking permission to proceed against the above-listed CoDebtor to collect the debt owed movant.

<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

If you have legal grounds to oppose the motion, or if you wish the Court to consider your views on the motion, you must file a written request for a hearing with the Clerk of the Bankruptcy Court before the expiration of twenty (20) days from the filing of the motion.

If you mail your request for hearing to the Court, you must mail it early enough so that it will be received before the time referenced above.

Any request for a hearing must also be mailed to the moving party and all other persons indicated in the certificate of service attached to these pleadings.

If a timely request is filed, you will receive notice of the date, time and place of hearing.

If you or your attorney do not take these steps, the Court will decide that you do not oppose the relief sought in the motion and will enter an order granting it.

7/28/2022

Date

/s/ Amy E. Gardner

Attorney for Movant

Lucinda Rauback, Clerk
United States Bankruptcy Court
Southern District of Georgia

[Rev. 12/2012]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Persoff Valdimar Bonner | : | Case No.: 21-10540 |
| | : | Chapter 13 |
| Debtor. | : | Judge Susan Barrett |
| | : | |

## MOTION FOR RELIEF FROM CODEBTOR STAY AS TO REAL PROPERTY LOCATED AT UNIT 64, DISNEY'S BEACH CLUB VILLAS, ORLANDO, FLORIDA

Disney Vacation Development, Inc. ("Movant"), hereby moves the Court, pursuant to 11 U.S.C. § 1301 to lift the co-debtor stay as to real property commonly referred to as Unit 64, Disney's Beach Club Villas, Orlando, Florida ("Property"). In support of the Motion, the Movant states the following:

1. Persoff Valdimar Bonner ("Debtor") filed a Chapter 13 case on August 31, 2021 ("Petition Date").

2. The Chapter 13 Plan was confirmed on January 26, 2022.

3. Michael Cobb, Jr. ("Codebtor") is a codebtor on the debt in question but is not a party to this bankruptcy proceeding. As such, the co-debtor stay of 11. U.S.C. §1301 is in place and needs to be lifted before Creditor may proceed in state court.

4. On June 10, 2003 Debtor and Codebtor entered into a contract with Movant for the purchase of a timeshare interest in Disney's Beach Club Villas. A copy of the Deed evidencing the Property interest at issue is attached as Exhibit A.

5. The Debtor's Plan does not provide for the Property.

6. Pursuant to the terms of the Declaration of Condominium, Movant exercised its rights and, on October 14, 2021 recorded a Claim of Lien for Unpaid Assessments ("Lien") in the amount of $1,855.98 against the Debtor's interest in the Property. Movant's lien

includes a right to add future defaults, assessments and attorney fees to the total lien amount as they come due. A copy of the Lien is attached as Exhibit B. A copy of the applicable pages of the Declaration of Condominium is attached as Exhibit C.

7. Debtor and Codebtor has failed to pay the dues and assessments due to Movant under the terms of the Lien and Declaration of Condominium. As of June 24, 2022, Debtor owes Movant $3,782.19 in outstanding dues and assessments. Movant seeks to exercise its rights under applicable state law as permitted by the Lien, including but not limited to initiating foreclosure proceedings and proceeding as otherwise permitted. Thus, Movant needs relief from stay. Attached as Exhibit D is proof of the outstanding dues and assessments owed.

8. Movant has attempted to contact Debtor's attorney about intent of the lien and possibility of a Consent Order. Attempts went unanswered.

9. The Property is of inconsequential value and benefit to the estate. Cause exists to lift the automatic stay under 11 U.S.C. § 362(d)(1) and/or 362(d)(2) for these reasons:

   a. The Movant is not being adequately protected as Debtor has failed to maintain their obligations to Movant under the terms of the Lien by failing to maintain their dues and assessments since the filing of this case. Relief from stay is necessary such that the Movant may foreclose on the Property, as permitted by the Lien.

   b. The Property is a timeshare and, therefore, is not necessary to Debtor's successful reorganization.

10. Movant requests that the Court order that Rule 4001(a)(3) is not applicable.

WHEREFORE, the Movant prays for the entry of the attached Order Granting Relief from the Automatic Stay grant the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For such other relief as the Court deems proper.

Respectfully submitted,

/s/ Amy E. Gardner

Amy E. Gardner, *Pro Hac Vice*
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus OH  43216-5028
614-220-5611; Fax: 614-627-8181
Attorneys for Movant
The case attorney for this file is Amy E. Gardner
Contact email is aegardner@manleydeas.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion for Relief from Codebtor Stay as to Real Property Located at Unit 64, Disney's Beach Club Villas, Orlando, Florida was served **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court:

  Office of U.S. Trustee, Party of Interest, (Registered address)@usdoj.gov

  Huon Le, P.O. Box 2127, Augusta, GA 30903, notices@chp13aug.org

  Matthew James Duncan, Attorney for Persoff Valdimar Bonner, office@duncanbrow.com

and by ordinary U.S. mail on July 28, 2020 addressed to:

  Persoff Valdimar Bonner, 1223 Stone Meadows Court, Grovetown, GA  30813

  Michael Cobb, Jr., 1304 Hawksoor Way, Grovetown, GA  30813

                                                          /s/ Amy E. Gardner



Contract No: Redacted

**Disney's Beach Club Villas**

INSTRUMENT PREPARED BY AND RETURN TO:
Sandra J. Williams, Esquire
c/o Compliance Department
Disney Vacation Development, Inc.
200 Celebration Place
Celebration, FL 34747

Exhibit A

INSTR 20030329274
OR BK 06954 PG 2582
MARTHA O. HAYNIE, COMPTROLLER
ORANGE COUNTY, FL
06/13/2003 01:36:00 PM
DEED DOC TAX 88.20
REC FEE 10.50

# DEED

THIS DEED is made and executed on 5/12/03, by DISNEY VACATION DEVELOPMENT, INC., a Florida corporation ('DVD') whose address is 200 Celebration Place, Celebration, Florida 34747 to **MICHAEL A. COBB, JR. and PERSOFF BONNER** ('Purchaser'), whose address is, for the purposes of this Deed, c/o Disney Vacation Development, Inc., 200 Celebration Place, Celebration, Florida 34747.

## WITNESSETH:

DVD, for and in consideration of $10.00 and other good and valuable consideration to it paid by the Purchaser, the receipt of which is hereby acknowledged, has granted, bargained, sold and released, and by these presents does grant, bargain, sell and release unto Purchaser, the interest in real property (the 'Ownership Interest,' as that interest in real property is further defined in the Declaration of Condominium described below) more fully described as follows:

An undivided **0.4398%** interest in Unit **64** of Disney's Beach Club Villas, a leasehold condominium (the 'Condominium'), according to the Declaration of Condominium thereof as recorded in Official Records Book 6531, Page 3526, Public Records of Orange County, Florida, and all amendments thereto (the 'Declaration');

AND SUBJECT TO that certain Ground Lease by and between Disney Vacation Development, Inc., a Florida corporation ('DVD') and Walt Disney World Co., a Florida corporation, effective March 1, 2000, and any amendments thereto, a short form of which is recorded in the Public Records of Orange County, Florida, and any amendments thereto (the 'Ground Lease'); and subject to that certain Master Declaration of Covenants, Conditions and Restrictions recorded in the Public Records of Orange County, Florida, and all amendments thereto, and subject to easements and restrictions of record.

THE OWNERSHIP INTEREST IS FURTHER SUBJECT TO the specific use restrictions set forth in the Disney Vacation Club Membership Agreement for Disney's Beach Club Villas (the 'Membership Agreement'), as the same may be amended from time to time, an initial copy of which is attached to the Declaration, and the specific use restrictions set forth in that certain DVC Resort Agreement for Disney's Beach Club Villas (the 'Resort Agreement'), as the same may be amended from time to time, an initial copy of which is attached to the Declaration; and subject to the provisions of the Master Cotenancy Agreement, a copy of which is recorded in the Public Records of Orange County, Florida. By Purchaser's acceptance of this conveyance, Purchaser agrees to abide by the terms, conditions and restrictions imposed upon Purchaser by the Membership Agreement, the Resort Agreement and by the Master Cotenancy Agreement, and further agrees as follows:

With respect to the sale of Ownership Interests in any Unit of the Condominium, DVD shall have the exclusive right to create undivided percentage interests in each Unit. Once DVD has created a particular undivided percentage interest in a Unit by conveying same to an owner, that owner and that owner's successors in title are expressly prohibited from further dividing that undivided percentage interest, except in a conveyance back to DVD with DVD's consent, although title to the undivided percentage may be held by more than one person from time to time in undivided shares. In the event DVD reacquires title to a given undivided percentage interest in a Unit, that undivided percentage interest shall merge into and be combined with any other undivided percentage interest that DVD may own in that Unit at that time; however, if an owner other than DVD acquires title to two or more separate undivided percentage interests in the same Unit, no such merger or combination of such interests shall occur.

The Use Year for this Unit begins on the first day of **December 2002**.

Purchaser's Ownership Interest shall be symbolized as **150** Home Resort Vacation Points for purposes of administrative convenience only and for no other purpose. Home Resort Vacation Points are merely reflective of Purchaser's Ownership Interest, and Home Resort Vacation Points may not be hypothecated, bought, sold, exchanged, rented or otherwise transferred separate and apart from Purchaser's Ownership Interest.

INSTR 20030329274
OR BK 06954 PG 2583
LAST PAGE

AND, DVD hereby covenants with the Purchaser that DVD is lawfully seized of the Ownership Interest; that DVD has good right and lawful authority to sell and convey the Ownership Interest; and that DVD warrants the title to said Ownership Interest and will defend the title against the lawful claims of all persons claiming by, through or under DVD.

**IN WITNESS WHEREOF**, DVD and Purchaser have executed these presents on the date first above written.

_____
MICHAEL A. COBB, JR.
M. A. COEB, JR.

_____
PERSOFF BONNER

---

**FOR DVD USE ONLY**

WITNESSES

Signature: _Mary Bowie_
Print Name: MARY BOWIE

Signature: _Katha Boyd_
Print Name: KATHARINE S. BOYD

DISNEY VACATION DEVELOPMENT INC.,
a Florida corporation

By: _M. Faye Somero_
as Its: Authorized Agent
M. FAYE SOMERO



**STATE OF FLORIDA }**
**COUNTY OF OSCEOLA ):S.S.:**

The foregoing instrument was acknowledged before me this _10th_ day of _June_, _2003_, by _M. FAYE SOMERO_ as the Authorized Agent of Disney Vacation Development, Inc., a Florida Corporation, on behalf of the corporation.

He or she is personally known to me.

Katharine S Boyd
My Commission DD034210
Expires June 17 2005

_Katha Boyd_
Notary Signature
Notary Public - State of
Notary Print Name
My Commission Expires:



Deed

Rev. 03/2002 BCV
©Disney

RedactedRedactedRedacted

Case:21-10540-SDB    Doc#:69    Filed:07/28/22    Entered:07/28/22 16:52:23    Page:8 of 16

DOC # 20210628825
10/14/2021 10:06:03 AM Page 1 of 3
Rec Fee: $27.00
Deed Doc Tax: $0.00
Mortgage Doc Tax: $0.00
Intangible Tax: $0.00
Phil Diamond, Comptroller
Orange County, FL
Ret To: ERECORDING PARTNERS NETWORK

Exhibit B

**Prepared By And Return To:**
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus OH 43216-5028

Redacted

Contract # See Exhibit A

# CLAIM OF LIEN

**STATE OF FLORIDA**
**COUNTY OF OSCEOLA**

BEFORE ME, the undersigned notary public, appeared as an authorized representative of DISNEY VACATION CLUB MANAGEMENT, LLC., a Florida limited liability company ("DVCMC"), the managing agent for Disney's Beach Club Villas Condominium Association, Inc., a not-for-profit Florida corporation ("Association"), who, being by me first duly sworn, deposes and says:

1. DVCMC is the managing entity and authorized agent for the Association, whose address is 215 Celebration Place, Suite 300, Celebration, Florida 34747.

2. Pursuant to Fla. Stat. §§ 721.16 and 718.116 and the Declaration of the Association, the Association is owed and hereby claims a lien for the amount set forth in **Exhibit A** as assessments which were due on the date set forth in **Exhibit A** from the current owner identified in **Exhibit A**, plus interest at the maximum legal rate until paid, late fees, and administrative fees. This claim of lien shall secure all unpaid assessments, interest, costs, and attorneys' fees that are due or may accrue subsequent to the date of this Claim of Lien and prior to either an entry of a final judgment of foreclosure or recording of the Trustee's Certificate of Sale.

3. The Association claims a lien on the real property in Orange County, Florida more particularly described as:

    An undivided **(See Exhibit A)**% interest in Unit **(See Exhibit A)** of the Disney's Beach Club Villas, a leasehold condominium (the "Condominium"), according to the Declaration of Condominium thereof as recorded in Official Records Book 6531, Page 3526, Public Records of Orange County, Florida and all amendments thereto (the 'Declaration')


Redacted

RCOL

4. The amount due the association remains outstanding as of <u>October 8, 2021</u>.

> DISNEY VACATION CLUB MANAGEMENT, LLC., as authorized agent for Disney's Beach Club Villas Condominium Association, Inc., a not-for-profit Florida corporation.
>
> By: *Lori Burns*
> ——————————————
> Lori Burns
> Authorized Agent

Sworn to or affirmed and subscribed before me by means of physical presence on <u>october 13, 2021</u> by <u>Lori Burns</u> as Authorized Agent of DISNEY VACATION CLUB MANAGEMENT, LLC., a Florida limited liability company as managing agent for Disney's Beach Club Villas Condominium Association, Inc., a not-for-profit Florida corporation, on behalf of the company. She is personally known to me.

Notary: *[signature]*

DIANE CANNON HIPPS
Notary Public-State of Florida
Commission # GG162380
Commission Expires 11/21/2021

**Exhibit A**

| Contract # | Unit | Property Interest | Owner | Dues Amount | Due Date |
|---|---|---|---|---|---|
| Redacted | 64 | 0.4398 | MICHAEL A. COBB JR., AND PERSOFF BONNER | $1,855.98 | 1/15/2020 |

OR Bk **6531** Pg **3526**
Orange Co FL 2002-0251548
05/24/2002   01:37:23pm
Rec 393.00

This instrument prepared by and return to:

Sandra J. Williams, Esquire
c/o Compliance Department
Disney Vacation Development, Inc.
200 Celebration Place
Celebration, FL 34747
(407) 566-3000

Exhibit C

DECLARATION OF CONDOMINIUM
OF
DISNEY'S BEACH CLUB VILLAS
A LEASEHOLD CONDOMINIUM

PREAMBLE

DISNEY VACATION DEVELOPMENT, INC., a Florida corporation, whose address is 200 Celebration Place, Celebration, Florida 34747, the lessee of those certain lands located in Orange County, Florida, and more particularly described in this Declaration of Condominium of Disney's Beach Club Villas, a leasehold condominium, and in its exhibits, does this 16 day of May, 2002, submit its interest described in Article 2.2 below, together with the improvements on such property, to the condominium form of ownership in accordance with the provisions of Chapter 718 (as defined below) and the following provisions:

1. **DEFINITIONS.** The terms used in this Declaration and in its exhibits are defined in accordance with the provisions of Chapter 718 (as defined below), Chapter 721 (as defined below) and as follows unless the context otherwise requires:

    1.1. Ad Valorem Real Estate Taxes means those real property taxes and special assessments assessed against the Units and their respective undivided interests in the Common Elements by Orange County, Florida and Reedy Creek Improvement District, respectively. The Association will serve as the agent of the Owners of Units committed to the Vacation Ownership Plan for the purpose of collection of Ad Valorem Real Estate Taxes as provided in Section 192.037, Florida Statutes.

    1.2. Articles of Incorporation means the Articles of Incorporation of the Association, as they may be amended from time to time. A copy of the initial Articles of Incorporation is attached as Exhibit "B" and incorporated in this Declaration by reference.

    1.3. Association means DISNEY'S BEACH CLUB VILLAS CONDOMINIUM ASSOCIATION, INC., a not-for-profit Florida corporation, and its successors, which is responsible for the operation of the Condominium. If the Property Management Agreement terminates for any reason, the name of the Association will, at the option of DVD or DVCMC and without any action to be taken by the Board, simultaneously and automatically be changed to THE CLUB CONDOMINIUM ASSOCIATION, INC. If the name "THE CLUB CONDOMINIUM ASSOCIATION, INC." is unavailable for use by the Association, the Board will be empowered to select an alternative name for the Association; provided, however, that prior to the use of any name to identify the Association, such name will be submitted to Worldco for its consent. Worldco may consent or withhold its consent to the use of such name in its sole, absolute and unfettered discretion and, if given, the consent will be set forth in writing.

    1.4. Association Property means all real and personal property owned by the Association. All personal property related to the Home Resort Reservation Component and the DVC Reservation Component made available to the Condominium, including all computer hardware and software and intellectual property, is not Association Property and is and always will be the personal property of the owner of such property.

    1.5. BVTC means Buena Vista Trading Company, a Florida corporation, its successors and assigns. BVTC is an exchange company registered under Chapter 721.

    1.6. Board means the board of directors of the Association, as it is constituted from time to time.

    1.7. Bylaws means the Bylaws of the Association, as they are amended from time to time. A copy of the initial Bylaws is attached as Exhibit "C" and incorporated in this Declaration by reference.

    1.8. Chapter 718 means the provisions of the Condominium Act, Chapter 718, Florida Statutes, as the same is constituted on the date of the recording of this Declaration, except when specifically noted otherwise. Any reference to a provision or specific article, section, paragraph, sub-article, sub-section, or sub-paragraph of Chapter 718 shall be a reference to the same as it is constituted on the date of the recording of this Declaration in the Public Records of Orange County, Florida.

©Disney

8. **ASSESSMENTS AND COMMON EXPENSES.**

    8.1. <u>Common Expenses</u>. Owners are responsible for their share of the Common Expenses. Common Expenses include the following:

        8.1.1. Expenses of administration and management of the Condominium Property, and of the Association, including compensation paid by the Association to managers, accountants, attorneys, or other employees or independent contractors.

        8.1.2. Expenses of maintenance, operation, repair and replacement of the Common Elements, Limited Common Elements and Association Property, as determined by the Board from time to time, as well as all other costs and expenses properly incurred by the Association.

        8.1.3. Expenses declared Common Expenses by the provisions of this Declaration, the Condominium Documents or Chapter 718.

        8.1.4. Any valid charge or assessment against the Condominium Property as a whole.

        8.1.5. All costs and expenses arising under the Master Declaration and assessed against the Condominium Property, Association Property or the Association, including such costs and expenses contemplated under Article 6 of the Master Declaration.

        8.1.6. All costs and expenses incurred by the Association in connection with regulatory compliance.

        8.1.7. All reserves for replacement and maintenance of the Condominium Property as required by Chapter 718.

        8.1.8. Casualty, flood, liability and/or any other type of insurance on the Association Property, Common Elements and Limited Common Elements.

        8.1.9. All costs and expenses assessed against the Association pursuant to the Ground Lease; provided, however, that neither the Association nor the Owners are liable for payment of any rent under the Ground Lease, all rent charged thereunder being payable by DVD to Worldco.

        8.1.10. All costs relating to transportation to, from and around the WALT DISNEY WORLD Resort for the use and benefit of the Owners, which may be charged to the Association by TWDC or any affiliate or subsidiary from time to time.

        8.1.11. All costs and expenses associated with any master antenna television system, duly franchised cable television service, or satellite service obtained pursuant to a bulk contract by the Association or on behalf of the Association.

    8.2. <u>Additional Common Expenses</u>. In addition to those items defined as Common Expenses above, Common Expenses for Units committed to the Vacation Ownership Plan include the following:

        8.2.1. Repair and maintenance of the interior of a Unit for normal wear and tear;

        8.2.2. Repair and replacement of furniture, fixtures, appliances, carpeting and deferred maintenance and replacement reserves for the same;

        8.2.3. Insurance coverage relating to the interior of a Unit and any other insurance relating to the operation of the Vacation Ownership Plan, including business interruption or loss of use insurance if obtained by the Board;

        8.2.4. Utility Services for the Units;

        8.2.5. All costs relating to the operation of the Club that are allocated to the Condominium;

        8.2.6. Any other expenses incurred in the normal operation and maintenance of the Units which cannot be attributed to a particular Owner;

        8.2.7. Expenses declared Common Expenses of the Vacation Ownership Plan by Chapter 721;

8.2.8. Uncollected Ad Valorem Real Estate Taxes assessed against each Unit committed to the Vacation Ownership Plan so long as Section 192.037, Florida Statutes, or its successor, prohibits the county tax collector from collecting less than the entire amount of Ad Valorem Real Estate Taxes assessed against the vacation ownership development from the managing entity; and

8.2.9. All reserves for replacement and maintenance of the Condominium Property as required by Chapter 718.

8.3. Assessments. The mailing and collection of assessments against each Owner for Common Expenses, for the costs or expenses for which an individual Owner may be solely responsible pursuant to the terms of the Condominium Documents, and for reserves as may from time to time be established by the Association, are, pursuant to the Bylaws of the Association, subject to the following provisions:

8.3.1. Interest; Late Charges; Application of Payments. Assessments and installments on such assessments paid on or before fifteen (15) days after the date when due will not bear interest, but all sums not paid on or before fifteen (15) days after the date when due will bear interest at the highest rate permitted by Florida law from the date when due until paid. In addition to such interest, the Association may charge an administrative late charge on delinquent accounts in an amount equal to the highest amount permitted under Florida law. The Association is further authorized to utilize the services of a collection agency for collection of delinquent accounts and to charge and impose a lien against the delinquent Owner for such costs in accordance with Chapter 718 and Chapter 721. All payments on accounts will be first applied to interest that has accrued, then to any late charges, then to any costs and reasonable attorneys' fees incurred in collection (including any incurred in bankruptcy and probate proceedings), and then to the assessment payment first due. The Board has the discretion to increase or decrease the amount of the administrative late fee or interest rate within the limits imposed by law; provided, however, that such increase or decrease will be made effective by amending the Condominium Rules and Regulations and notifying the Owners of same by regular mail addressed to each Owner at the last known address of each Owner as set forth in the Association's books and records. Notwithstanding any provision of this Section 8.3 to the contrary, the Association has the right to waive any interest or late fees that accrue as a result of delinquent payment.

8.3.2. Lien for Assessments. The Association has a lien against each Unit or Ownership Interest, as applicable, for any unpaid assessments, or expenses incurred pursuant to Subparagraph 7.1.2.(c) above ("**Repair Expenses**"), and for interest and late charges accruing on such unpaid assessments or Repair Expenses, which lien also secures reasonable attorneys' fees and costs incurred by the Association incident to the collection of such assessment or Repair Expenses or enforcement of such lien, whether or not legal proceedings are initiated and including those incurred in all bankruptcy and probate proceedings, and all sums advanced and paid by the Association for taxes and payments on account of superior mortgages, liens, or encumbrances which may be advanced by the Association in order to preserve and protect its lien. The lien is effective from and after recording a claim of lien in the Public Records of Orange County, Florida, stating the legal description of the Unit or Ownership Interest, as applicable, the name of the Owner of record, the amount claimed to be due and the due dates. The lien is to continue in effect until all sums secured by the lien have been fully paid or until such time as is otherwise permitted by law. Such claims of lien must be signed and verified by an officer of the Association, or by an authorized agent of the Association. Upon full payment, the party making payment is entitled to a recordable satisfaction of lien, to be prepared by and recorded at such party's expense. All such liens are subordinate to any mortgage recorded prior to the date of recording the claim of lien, and all such liens may be foreclosed by suit brought in the name of the Association in the same manner as a foreclosure of a mortgage on real property, or as otherwise provided by applicable law. The Association may also sue to recover a money judgment for unpaid assessments or Repair Expenses without waiving any claim of lien.

8.3.2.(a) Mortgagee Liability. If a Mortgagee (or its successors or assigns) obtains title to a Unit or an Ownership Interest as a result of the foreclosure of its first mortgage, or if such Mortgagee obtains title to a Unit or an Ownership Interest as the result of a conveyance in lieu of foreclosure of such first mortgage, the Mortgagee shall be exempt from liability for the Common Expenses or assessments chargeable to the Unit or Ownership Interest in the Unit, or the Owner of such Unit or Ownership Interest, which became due prior to the acquisition of title by such Mortgagee. Any such unpaid Common Expenses, or assessments shall be deemed a Common Expense to be paid in the same manner as other Common Expenses by all of the Owners.

8.3.2.(b) Rights of Association. Nothing contained in this Declaration is to be construed as a modification of any rights or remedies of the Association related to assessments pursuant to Chapter 718 or Chapter 721, except to the extent that the Condominium Documents allow additional remedies to those expressly set forth in Chapter 718 or Chapter 721 and to the extent that such additional remedies are permitted by said statutes.

8.3.3. Personal Liability for Unpaid Assessments. Each Owner is personally liable for all assessments made against the Unit pursuant to this Declaration and Chapter 718, and the Association may bring an action for a money judgment against a delinquent Owner to collect all sums due the Association, including interest, late charges, costs and reasonable attorneys' fees. If a Unit is owned by more than one person or entity such owners are jointly and severally liable for all assessments made against the Unit.

12

8.3.4. <u>Payments of Assessments</u>. No Owner may withhold payment of any regular or special assessment or any portion of any regular or special assessment because of any dispute which may exist between that Owner and another Owner, the Association, the Board, the Management Company or DVD or among any of them, but rather each Owner must pay all assessments when due pending resolution of any dispute.

8.3.5. <u>Partial Redemption</u>. If the Association places a lien against an entire Unit for all or a portion of unpaid assessments for that Unit, the Association may, in its sole, absolute and unfettered discretion, accept a partial payment from a Cotenant in that Unit, which partial payment is deemed to remove the lien as to that Cotenant's Ownership Interest in that Unit. The Association's acceptance of a partial payment does not preclude the Association from enforcing the remaining portion of the lien against the Unit nor does it preclude the Association from making a special assessment to cover all other unpaid assessments for the Unit.

8.4. <u>Common Surplus</u>. Each Owner owns a share of the Common Surplus attributable to each Unit owned in accordance with Exhibit "D" attached.

8.5. <u>Refunds of Common Surplus</u>. If the Association refunds all or a portion of any Common Surplus to the Owners for any fiscal year in which DVD paid any assessment, such refund will be prorated as of the date of closing of any sale of a Unit or Ownership Interest upon which the sale was closed by DVD during such year, and the prorated amount allocable to the period of time of DVD's ownership will be refunded directly to DVD by the Association. Except as to the DVD, on transfer of a Unit or an Ownership Interest, the transferor shall not be entitled to any Common Surplus existing at the time of the transfer, which shall remain with the Association.

8.6. <u>Certificate</u>. Any Owner may require from the Association a certificate showing the amount of unpaid assessments against the Owner or the Owner's Unit or Ownership Interest. The holder of a mortgage or other lien has the same right as to any interest on which it has a lien. Any person who relies on such certificate is protected by such reliance.

8.7. <u>Fines</u>. For each violation of any of the Condominium Documents, the Board may levy against the offending member a sum of up to one hundred dollars ($100.00) per violation or such higher amount as may be then allowed by applicable law. This remedy is in addition to and not in lieu of the remedies provided in the Condominium Documents or applicable law. A member against whom a fine is sought to be levied will be afforded an opportunity for hearing as required by Florida law.

8.8. <u>DVD Guarantee</u>. Pursuant to Chapter 718 and Chapter 721, DVD has the option, in its sole, absolute and unfettered discretion, to guarantee to each Owner in the Condominium, on a yearly basis, the Common Expenses, exclusive of Ad Valorem Real Estate Taxes. If, in a particular year, DVD elects to implement this guarantee, then such guarantee will be disclosed on the budget for the applicable year. In consideration of this guarantee, DVD shall be excused from the payment of its share of the Common Expenses which otherwise would have been assessed against its unsold interests in the Condominium during the term of the guarantee. As a consequence of this exemption, DVD shall pay any amount of Common Expenses not collected from the other Owners needed to meet the expenses of the Association as the expenses are incurred each year while the guarantee is in effect. However, any Common Expenses incurred during the guarantee period resulting from a natural disaster or an act of God, which are not covered by insurance proceeds from the insurance maintained by the Association, will be assessed against all Owners owning Ownership Interests on the date of such natural disaster or act of God, including DVD; provided that during any period of time DVD controls the Association pursuant to Section 718.301, <u>Florida Statutes</u>, the Association maintains all insurance coverages required by Section 721.165, <u>Florida Statutes</u>. DVD reserves the right, but not the obligation, in its sole, absolute and unfettered discretion, to extend and increase this guarantee for one or more periods of one year each after the expiration of the initial guarantee period, as permitted by Florida law.

9. **THE ASSOCIATION.** The Association is responsible for the operation of the Condominium and must fulfill its functions pursuant to the following provisions:

9.1. <u>Membership in Association</u>. Each Owner becomes a member of the Association pursuant to the provisions of the Articles of Incorporation and Bylaws. Each Unit has one (1) vote in the Association. The vote of the Unit must be cast by its Voting Representative. Where a Unit is owned by more than one Owner, the Cotenants must file a Voting Certificate with the Association, in accordance with the Articles of Incorporation and Bylaws, setting forth which Cotenant is designated as the Voting Representative for that Unit. Commercial Units do not have any votes in the Association.

9.2. <u>Articles of Incorporation</u>. A copy of the initial Articles of Incorporation is attached as Exhibit "B" and incorporated in this Declaration by reference.

9.3. <u>Bylaws</u>. A copy of the initial Bylaws is attached as Exhibit "C" and incorporated in this Declaration by reference.

Exhibit D



**Member** MICHAEL COBB Redacted

| Transaction Date | Type | Sub Type | Amount | Current Balance |
|---|---|---|---|---|
| 12/15/2019 | E.D.D. | NA | $83.81 | $0.00 |
| 12/16/2019 | Bil Adj Db | NA | $12.02 | -$12.02 |
| 12/16/2019 | Dues Bill | NA | $1,670.50 | $1,658.48 |
| 12/16/2019 | Esc Adj Db | NA | $835.25 | $823.23 |
| 12/16/2019 | Est Taxes | NA | $436.52 | $1,259.75 |
| 12/16/2019 | Credit Memo | NA | $12.02 | $1,271.77 |
| 12/16/2019 | OverPay Cr | NA | $12.02 | $1,259.75 |
| 12/16/2019 | Tax Adj Db | NA | $212.25 | $1,047.50 |
| 01/16/2020 | E.D.D. | NA | $87.30 | $960.20 |
| 02/15/2020 | E.D.D. | NA | $87.30 | $872.90 |
| 03/17/2020 | Int Chg | NA | $26.68 | $899.58 |
| 03/17/2020 | Late Chg | NA | $25.00 | $924.58 |
| 05/29/2020 | Int Chg | NA | $31.42 | $956.00 |
| 06/29/2020 | Int Chg | NA | $13.34 | $969.34 |
| 07/30/2020 | Int Chg | NA | $13.34 | $982.68 |
| 09/01/2020 | Int Chg | NA | $14.20 | $996.88 |
| 10/02/2020 | Int Chg | NA | $13.34 | $1,010.22 |
| 11/02/2020 | Int Chg | NA | $13.34 | $1,023.56 |
| 12/03/2020 | Int Chg | NA | $13.34 | $1,036.90 |
| 12/16/2020 | Bil Adj Db | NA | $132.52 | $904.38 |
| 12/16/2020 | Dues Bill | NA | $887.34 | $1,791.72 |
| 12/16/2020 | Est Taxes | NA | $228.26 | $2,019.98 |
| 12/16/2020 | Credit Memo | NA | $132.52 | $2,152.50 |
| 12/16/2020 | OverPay Cr | NA | $132.52 | $2,019.98 |
| 02/15/2021 | Int Chg | NA | $46.87 | $2,066.85 |
| 02/15/2021 | Late Chg | NA | $25.00 | $2,091.85 |
| 03/18/2021 | Int Chg | NA | $28.36 | $2,120.21 |
| 04/19/2021 | Int Chg | NA | $29.26 | $2,149.47 |
| 05/20/2021 | Int Chg | NA | $28.36 | $2,177.83 |
| 06/21/2021 | Int Chg | NA | $29.26 | $2,207.09 |
| 07/23/2021 | Int Chg | NA | $29.26 | $2,236.35 |
| 08/24/2021 | Int Chg | NA | $29.26 | $2,265.61 |
| 09/27/2021 | Int Chg | NA | $31.10 | $2,296.71 |

| Transaction Date | Type | Sub Type | Amount | Current Balance |
|---|---|---|---|---|
| 10/08/2021 | Lien chg | NA | $29.00 | $2,325.71 |
| 10/28/2021 | Int Chg | NA | $28.36 | $2,354.07 |
| 11/29/2021 | Int Chg | NA | $29.26 | $2,383.33 |
| 12/16/2021 | Bil Adj Db | NA | $27.12 | $2,356.21 |
| 12/16/2021 | Dues Bill | NA | $902.69 | $3,258.90 |
| 12/16/2021 | Est Taxes | NA | $227.75 | $3,486.65 |
| 12/16/2021 | Credit Memo | NA | $27.12 | $3,513.77 |
| 12/16/2021 | OverPay Cr | NA | $27.12 | $3,486.65 |
| 02/15/2022 | Int Chg | NA | $88.22 | $3,574.87 |
| 02/15/2022 | Late Chg | NA | $25.00 | $3,599.87 |
| 03/18/2022 | Int Chg | NA | $45.22 | $3,645.09 |
| 04/18/2022 | Int Chg | NA | $45.22 | $3,690.31 |
| 05/19/2022 | Int Chg | NA | $45.22 | $3,735.53 |
| 06/20/2022 | Int Chg | NA | $46.66 | $3,782.19 |